UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| YETI Coolers, LLC, | § | Case No. _____ |
| | § | |
| Plaintiff, | § | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| | § | |
| v. | § | |
| | § | **(1) TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);** |
| US Imprints, LLC, d/b/a GOimprints, | § | |
| | § | |
| Defendant. | § | **(2) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);** |
| | § | |
| | § | **(3) TRADE DRESS DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);** |
| | § | |
| | § | **(4) TRADEMARK DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103;** |
| | § | |
| | § | **(5) COMMON LAW TRADE DRESS INFRINGEMENT;** |
| | § | |
| | § | **(6) COMMON LAW UNFAIR COMPETITION;** |
| | § | |
| | § | **(7) COMMON LAW MISAPPROPRIATION; AND** |
| | § | |
| | § | **(8) UNJUST ENRICHMENT.** |
| | § | |
| | § | **Jury Trial Demanded** |
| | § | |

## COMPLAINT

Plaintiff, YETI Coolers, LLC ("YETI"), for its complaint against US Imprints, LLC ("Defendant"), based on knowledge and on information and belief as appropriate, alleges as follows:

**The Parties**

1.     YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 5301 Southwest Parkway, Suite 200, Austin, TX 78735.

2.     Upon information and belief, Defendant is a corporation organized under the laws of the State of Tennessee with a principal place of business at 1724A General George Patton Dr., Brentwood, TN 37027.

3.     Upon information and belief, Defendant does business under the name GOimprints through the website http://www.goimprints.com/.

4.     Upon information and belief, the website http://www.goimprints.com/ is registered to a corporate officer for Defendant.

5.     Upon information and belief, GOimprints LLC was a corporation organized under the laws of the State of Tennessee with a principal place of business at 436 Main St., Franklin, TN 37064, and dissolved in 2013.

**Jurisdiction and Venue**

6.     This is an action for trade dress infringement, unfair competition and false designation of origin, trade dress dilution, misappropriation, and unjust enrichment.  This action arises under Texas Business & Commerce Code, state common law, including the law of Texas, federal common law, and the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. ("Lanham Act").

7.     This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

8.     Defendant did and continues to advertise, offer for sale, and sell infringing insulated drinkware products to customers, including customers in the State of Texas and in this

District.

9.      This Court may exercise personal jurisdiction over Defendant based upon Defendant's contacts with this forum, including at least Defendant's tortious acts giving rise to this lawsuit within this district, and Defendant's regular and intentional conduct of business here.

10.     Venue is proper in this judicial district pursuant to at least 28 U.S.C. §§ 1391(b) and (c).

### General Allegations – YETI's Trade Dress

11.     For many years, YETI has engaged in the development, manufacture, and sale of premium, heavy-duty insulated drinkware.  YETI created unique, distinctive, and non-functional designs to use with YETI's insulated drinkware.  YETI has extensively and continuously promoted and used these designs in the United States and in Texas.  Through that extensive and continuous promotion and use, *inter alia*, the YETI designs have become a well-known indicator of the origin and quality of YETI insulated drinkware.  The YETI designs also have acquired substantial secondary meaning in the marketplace and have become famous.  YETI owns trademark and trade dress rights relating to the source identifying features of its insulated drinkware designs.

12.     Specifically, YETI sells an insulated drinkware product, the "YETI® 30 oz. Rambler™ Tumbler" hereinafter referred to as "the Rambler Tumbler."  As a result of YETI's considerable investments and efforts, the Rambler Tumbler is designed and built to provide extreme insulating capabilities and exceptional durability.  YETI has invested substantially in the design, development, manufacture, and marketing of the Rambler Tumbler.

13.     YETI has enjoyed significant sales of the Rambler Tumbler throughout the United States, including sales to customers in the state of Texas.  YETI has expended significant

resources advertising and marketing the Rambler Tumbler.

14.     The Rambler Tumbler design has distinctive and non-functional features that identify to consumers that the origin of the Rambler Tumbler is YETI.   Illustration 1 below shows exemplary images of the Rambler Tumbler sold by YETI.

**Illustration 1:  Exemplary Images of a YETI 30 oz. Rambler Tumbler**



15.     As a result of YETI's continuous and exclusive use of the design, YETI's marketing, advertising and sales of the design, and the highly valuable goodwill and substantial secondary meaning acquired as a result, YETI owns trade dress rights in the Rambler Tumbler design.

16.     YETI's trade dress rights in the design and appearance of the Rambler Tumbler, includes, but is not limited to, (1) the design and appearance of the walls of the tumbler, (2) the design, appearance and placement of the taper in the side wall of the tumbler; (3) the design, appearance and placement of the upper portion, mid portion and bottom portion of the side wall of the tumbler, alone and in combination; (4) the design, appearance and placement of the style line around the base of the tumbler; (5) the design, appearance and placement of the tab on the

lid of the tumbler; (6) the placement of the drinking opening on the lid of the tumbler; (7) the design, appearance and placement of the top plane of the lid of the tumbler; (8) the design, appearance and placement of the side walls of the lid of the tumbler; and (9) the color contrast and color combinations of the tumbler and the tumbler lid; whether these elements are alone or in any combination with each other, and including the overall look and appearance of the tumbler and tumbler lid.  These features, alone or in combination, and including the overall look and appearance of the Rambler Tumbler, are collectively hereafter referred to as the "YETI Trade Dress."

17.     As a result of YETI's exclusive, continuous and substantial use, advertising, and sales of insulated drinkware products bearing the YETI Trade Dress, and the publicity and attention that has been paid to the YETI Trade Dress, the YETI Trade Dress has become famous and has acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate it as a source identifier of YETI.

### General Allegations – Defendant's Unlawful Activities

18.     Defendant has and is continuing to misappropriate the goodwill and secondary meaning in the YETI Trade Dress in the Rambler Tumbler.  Defendant is purposefully advertising, offering for sale and selling insulated drinkware products that include the YETI Trade Dress (the "Infringing Products").  Defendant's insulated drinkware products are offered in the same size as YETI's own products.  Defendant's insulated drinkware products are confusingly similar imitations of the Rambler Tumbler and the YETI Trade Dress.  Defendant's actions infringe and dilute YETI's Trade Dress rights, constitute unfair competition and false designation of origin, as well as unjust enrichment, misappropriation, and common law trademark infringement.

19.     Illustration 2 below shows examples of Defendant's Infringing Products.

**Illustration 2:  Exemplary Images of Defendant's Infringing Products**



20.     YETI used the YETI Trade Dress extensively and continuously before Defendant began selling, offering to sell, distributing, or advertising the Infringing Products.  Moreover, the YETI Trade Dress became famous and acquired secondary meaning in the United States and in the State of Texas before Defendant commenced its use of the YETI Trade Dress.

21.     YETI never authorized Defendant to sell, offer to sell, distribute, or advertise the Infringing Products.

22.     Defendant engages in substantial activity in Texas and this District.  Examples of Defendant's activity include: (i) Defendant sells its products in Texas and in this District, and (ii) Defendant's multiple websites offering for sale the Infringing Products reaches into Texas, including in this District.

23.     As a result of Defendant's activities related to the Infringing Products, there is a strong likelihood of confusing associations in the marketplace between the Infringing Products and Defendant on the one hand, and the Rambler Tumbler, the YETI Trade Dress and YETI on

6

the other hand, that is indicative of consumer confusion and misappropriation of YETI's hard-earned rights and goodwill in the YETI Trade Dress.

24.    On information and belief – as evidenced at least by the facts and circumstances alleged above – Defendant's infringements have been intentional and willful, in bad faith, and manifest a deliberate and knowing disregard of YETI's trade dress rights, making this an exceptional case under 15 U.S.C. § 1117, entitling YETI to, among other things, Defendant's profits, actual damages, enhanced damages, and attorneys' fees under at least Tex. Bus. & Com. Code § 16.104 and/or 15 U.S.C. § 1117.

## Count I:
## Trade Dress Infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

25.    YETI re-alleges each and every allegation set forth in paragraphs 1 through 24, inclusive, and incorporates them by reference herein.

26.    Defendant's offers to sell, sales, distribution, and/or advertisement of Infringing Products violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) by infringing YETI's rights in the YETI Trade Dress.  Defendant's use of the YETI Trade Dress and/or colorable imitations thereof is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with YETI and as to the origin, sponsorship or approval of the Infringing Products.

27.    The YETI Trade Dress is entitled to protection under both federal and common law.  The YETI Trade Dress uses unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used the YETI Trade Dress in the United States. Through that extensive and continuous use, the YETI Trade Dress has become a well-known indicator of the origin and quality of YETI insulated drinkware products.  The YETI Trade Dress has also acquired substantial secondary meaning in the marketplace.  Moreover, the YETI Trade

Dress acquired this secondary meaning before Defendant commenced its use of the YETI Trade Dress and colorable imitations thereof in connection with the Infringing Products.

28.     Defendant's use of the YETI Trade Dress and colorable imitations thereof is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the Infringing Products, at least by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with YETI.

29.     Defendant's use of the YETI Trade Dress and colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the YETI Trade Dress.

30.     On information and belief, Defendant's use of the YETI Trade Dress and colorable imitations thereof has been intentional, willful, and malicious.  Defendant's bad faith is evidenced at least by the similarity of the Infringing Products to the YETI Trade Dress, as demonstrated in Illustration 2 above, and by the Defendant's continuing disregard for YETI's trade dress rights.

31.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least Defendant's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1116 and 1117.

**Count II:**
**Unfair Competition and False Designation of Origin under Section 43(a)**
**of the Lanham Act, 15 U.S.C. § 1125(a)**

32.     YETI re-alleges each and every allegation set forth in paragraphs 1 through 31 above, inclusive, and incorporates them by reference herein.

33.     Defendant's offers to sell, sales, distribution, and/or advertisement of Infringing

Products, in direct competition with YETI, violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and constitutes unfair competition, at least because the Defendant has obtained an unfair advantage as compared to YETI, through its use of the YETI Trade Dress and/or colorable imitations thereof, to falsely designate the origin, affiliation or sponsorship of Defendant and of the Infringing Products.

34.     The YETI Trade Dress is entitled to protection under both federal and common law.  The YETI Trade Dress uses unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used the YETI Trade Dress in the United States. Through that extensive and continuous use, the YETI Trade Dress has become a well-known indicator of the origin and quality of YETI insulated drinkware products.  The YETI Trade Dress has also acquired substantial secondary meaning in the marketplace.  Moreover, the YETI Trade Dress acquired this secondary meaning before Defendant commenced its use of the YETI Trade Dress and colorable imitations thereof in connection with the Infringing Products.

35.     Defendant's use of the YETI Trade Dress and colorable imitations thereof constitutes a false designation of origin that is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the Infringing Products, at least by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with YETI.

36.     Defendant's use of the YETI Trade Dress and colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the YETI Trade Dress.

37.     On information and belief, Defendant's use of the YETI Trade Dress and

colorable imitations thereof has been intentional, willful, and malicious.  Defendant's bad faith is evidenced at least by the similarity of the Infringing Products to the YETI Trade Dress, as demonstrated in Illustration 2 above, and by the Defendant's continuing disregard for YETI's trade dress rights.

38.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendant's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1116 and 1117.

**Count III:**
**Trade Dress Dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

39.     YETI re-alleges each and every allegation set forth in paragraphs 1 through 38 above, inclusive, and incorporates them by reference herein.

40.     Defendant's offers to sell, sales, distribution, and/or advertisement of Infringing Products violates Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

41.     The YETI Trade Dress is entitled to protection under both federal and common law.  The YETI Trade Dress uses unique, distinctive, and non-functional designs.  The YETI Trade Dress has acquired distinctiveness through YETI's extensive and continuous promotion and use of the YETI Trade Dress in the United States.  Through that extensive and continuous use, the YETI Trade Dress has become a famous, well-known indicator of the origin and quality of YETI insulated drinkware products throughout the United States, and is widely recognized by the general consuming public as a designation of the source of YETI's insulated drinkware products.  The YETI Trade Dress also has acquired substantial secondary meaning in the marketplace.  Moreover, the YETI Trade Dress became famous and acquired this secondary meaning before Defendant commenced its use of the YETI Trade Dress and colorable imitations thereof in connection with the Infringing Products.

10

42.     Defendant's use of the YETI Trade Dress and colorable imitations thereof is likely to cause, and has caused, dilution of the famous YETI Trade Dress at least by eroding the public's exclusive identification of the famous YETI Trade Dress with YETI, by lessening the capacity of the famous YETI Trade Dress to identify and distinguish YETI insulated drinkware products, by associating the YETI Trade Dress with products of inferior quality, and by impairing the distinctiveness of the famous YETI Trade Dress.

43.     Defendant's use of the YETI Trade Dress and colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the YETI Trade Dress.

44.     On information and belief, Defendant's use of the YETI Trade Dress and colorable imitations thereof has been intentional, willful, and malicious.  Defendant's bad faith is evidenced at least by the similarity of the Infringing Products to the YETI Trade Dress, as demonstrated in Illustration 2 above, and by the Defendant's continuing disregard for YETI's trade dress rights.

45.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count IV:**
**Trade Dress Dilution under Tex. Bus. & Com. Code § 16.103**

46.     YETI re-alleges each and every allegation set forth in paragraphs 1 through 45 above, inclusive, and incorporates them by reference herein.

47.     Defendant's offers to sell, sales, distribution, and/or advertisement of Infringing Products violate Section 16.103 of the Texas Business & Commerce Code.

11

48.     The YETI Trade Dress is entitled to protection under Texas law.  The YETI Trade Dress uses unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used the YETI Trade Dress in the United States and in the State of Texas.  Through that extensive and continuous use, the YETI Trade Dress has become a famous and well-known indicator of the origin and quality of YETI insulated drinkware products in the United States and in the State of Texas, and the YETI Trade Dress is widely recognized by the public throughout Texas as a designation of the source of YETI's insulated drinkware products.  The YETI Trade Dress also acquired substantial secondary meaning in the marketplace, including in the State of Texas.  Moreover, the YETI Trade Dress became famous and acquired this secondary meaning before Defendant commenced its use of the YETI Trade Dress and colorable imitations thereof in connection with the Infringing Products.

49.     Defendant's use of the YETI Trade Dress and colorable imitations thereof is likely to cause, and has caused, dilution of the famous YETI Trade Dress at least by eroding the public's exclusive identification of the famous YETI Trade Dress with YETI, by lessening the capacity of the famous YETI Trade Dress to identify and distinguish YETI insulated drinkware products, by associating the YETI Trade Dress with products of inferior quality, and by impairing the distinctiveness of the famous YETI Trade Dress.

50.     Defendant's use of the YETI Trade Dress and colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the YETI Trade Dress.

51.     On information and belief, Defendant's use of the YETI Trade Dress and colorable imitations thereof has been intentional, willful, and malicious.  Defendant's bad faith is

evidenced at least by the similarity of the Infringing Products to the YETI Trade Dress, as demonstrated in Illustration 2 above, and by the Defendant's continuing disregard for YETI's trade dress rights.

52.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendant's profits, actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

**Count V:**
**Common Law Trademark Infringement**

53.     YETI re-alleges each and every allegation set forth in paragraphs 1 through 52 above, inclusive, and incorporates them by reference herein.

54.     Defendant's offers to sell, sales, distribution, and/or advertisement of Infringing Products, in direct competition with YETI, constitute common law trademark infringement, at least because the Defendant's use of the YETI Trade Dress and/or colorable imitations thereof is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the Infringing Products.

55.     The YETI Trade Dress is entitled to protection under both federal and common law.  The YETI Trade Dress uses unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used the YETI Trade Dress in the United States and the State of Texas.  Through that extensive and continuous use, the YETI Trade Dress has become a well-known indicator of the origin and quality of YETI insulated drinkware products. The YETI Trade Dress has also acquired substantial secondary meaning in the marketplace. Moreover, the YETI Trade Dress acquired this secondary meaning before Defendant commenced its use of the YETI Trade Dress and colorable imitations thereof in connection with the Infringing Products.

13

56.     Defendant's use of the YETI Trade Dress and colorable imitations thereof is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of the Infringing Products, at least by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with YETI.

57.     Defendant's use of the YETI Trade Dress and colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the YETI Trade Dress.

58.     On information and belief, Defendant's use of the YETI Trade Dress and colorable imitations thereof has been intentional, willful, and malicious.  Defendant's bad faith is evidenced at least by the similarity of the Infringing Products to the YETI Trade Dress, as demonstrated in Illustration 2 above, and by the Defendant's continuing disregard for YETI's trade dress rights.

59.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendant's profits, punitive damages, costs, and reasonable attorney fees.

**Count VI:**
**Common Law Unfair Competition**

60.     YETI re-alleges each and every allegation set forth in paragraphs 1 through 59 above, inclusive, and incorporates them by reference herein.

61.     Defendant's offers to sell, sales, distribution, and/or advertisement of Infringing Products, in direct competition with YETI, constitute common law unfair competition, at least by palming off/passing off of the Defendant's goods and/or by simulating the YETI Trade Dress in an intentional and calculated manner.

62.     The YETI Trade Dress is entitled to protection under both federal and common

14

law.  The YETI Trade Dress uses unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used the YETI Trade Dress for years in the United States and the State of Texas.  Through that extensive and continuous use, the YETI Trade Dress has become a well-known indicator of the origin and quality of YETI insulated drinkware products.  The YETI Trade Dress has also acquired substantial secondary meaning in the marketplace.  Moreover, the YETI Trade Dress acquired this secondary meaning before Defendant commenced its use of the YETI Trade Dress and colorable imitations thereof in connection with the Infringing Products.

63.   Defendant's use of the YETI Trade Dress and colorable imitations thereof is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of the Infringing Products, at least by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with YETI.

64.   Defendant's use of the YETI Trade Dress and colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the YETI Trade Dress.

65.   On information and belief, Defendant's use of the YETI Trade Dress and colorable imitations thereof has been intentional, willful, and malicious.  Defendant's bad faith is evidenced at least by the similarity of the Infringing Products to the YETI Trade Dress, as demonstrated in Illustration 2 above, and by the Defendant's continuing disregard for YETI's trade dress rights.

66.   YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendant's profits, punitive damages, costs, and reasonable attorney fees.

15

### Count VII:
### Common Law Misappropriation

67.     YETI re-alleges each and every allegation set forth in paragraphs 1 through 66 above, inclusive, and incorporates them by reference herein.

68.     Defendant's offers to sell, sales, distribution, and/or advertisement of Infringing Products, in direct competition with YETI, constitute common law misappropriation.

69.     The YETI Trade Dress is entitled to protection under both federal and common law.  The YETI Trade Dress uses unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used the YETI Trade Dress for years in the United States and the State of Texas.  Through that extensive and continuous use, the YETI Trade Dress has become a well-known indicator of the origin and quality of YETI insulated drinkware products.  The YETI Trade Dress has also acquired substantial secondary meaning in the marketplace.  Moreover, the YETI Trade Dress acquired this secondary meaning before Defendant commenced its use of the YETI Trade Dress and colorable imitations thereof in connection with the Infringing Products.

70.     YETI created the products covered by the YETI Trade Dress through extensive time, labor, effort, skill and money.  Defendant has wrongfully used the YETI Trade Dress and/or colorable imitations thereof in competition with Plaintiffs and gained a special advantage because they were not burdened with the expenses incurred by YETI.  Defendant's use of the YETI Trade Dress and colorable imitations thereof is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of the Infringing Products, at least by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with YETI.

71.     Defendant's use of the YETI Trade Dress and colorable imitations thereof has

16

caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the YETI Trade Dress. Moreover, as a result of its misappropriation, Defendant has profited and, unless such conduct is enjoined by this Court, will continue to profit by misappropriating the time, effort and money that YETI invested in establishing the reputation and goodwill of the YETI Trade Dress.

72.     On information and belief, Defendant's misappropriation of the YETI Trade Dress has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the similarity of the Infringing Products to the YETI Trade Dress, as demonstrated in Illustration 2 above, and by the Defendant's continuing disregard for YETI's trade dress rights.

73.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendant's profits, punitive damages, costs, and reasonable attorney fees.

**Count VIII:**
**<u>Unjust Enrichment</u>**

74.     YETI re-alleges each and every allegation set forth in paragraphs 1 through 73 above, inclusive, and incorporates them by reference herein.

75.     Defendant's offers to sell, sales, distribution, and/or advertisement of Infringing Products, in direct competition with YETI, constitute unjust enrichment, at least because Defendant has wrongfully obtained benefits at YETI's expense.

76.     The YETI Trade Dress is entitled to protection under both federal and common law. The YETI Trade Dress uses unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used the YETI Trade Dress for years in the United States and the State of Texas. Through that extensive and continuous use, the YETI Trade Dress has become a well-known indicator of the origin and quality of YETI insulated drinkware

products.   The YETI Trade Dress has also acquired substantial secondary meaning in the marketplace.   Moreover, the YETI Trade Dress acquired this secondary meaning before Defendant commenced its use of the YETI Trade Dress and colorable imitations thereof in connection with the Infringing Products.

77.   YETI created the products covered by the YETI Trade Dress through extensive time, labor, effort, skill and money.   Defendant has and is wrongfully using the YETI Trade Dress and/or colorable imitations thereof in competition with YETI, and has and is gaining a wrongful benefit by undue advantage, because they have not been burdened with the expenses incurred by YETI, yet is obtaining the resulting benefits for its own business and products.

78.   Defendant's use of the YETI Trade Dress and colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the YETI Trade Dress.   YETI accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment.   Defendant has and is wrongfully obtaining a benefit at YETI's expense by taking undue advantage and free-riding on YETI's efforts and investments, and enjoying the benefits of YETI's hard-earned goodwill and reputation.

79.   On information and belief, Defendant's unjust enrichment at YETI's expense has been intentional, willful, and malicious.   Defendant's bad faith is evidenced at least by the similarity of the Infringing Products to the YETI Trade Dress, as demonstrated in Illustration 2 above, and by the Defendant's continuing disregard for YETI's trade dress rights.

80.   YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendant's profits.

**DEMAND FOR JURY TRIAL**

81.     Plaintiff YETI Coolers LLC hereby demands a jury trial on all issues so triable as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

**<u>Relief Sought</u>**

WHEREFORE, Plaintiff respectfully prays for:

1.     Judgment that Defendant has (i) infringed the YETI Trade Dress in violation of § 1125(a) of Title 15 in the United States Code; (ii) engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (iii) diluted the YETI Trade Dress in violation of § 1125(c) of Title 15 in the United States Code; (iv) diluted the YETI Trade Dress in violation of Tex. Bus. & Com. Code § 16.103; (v) violated YETI's common law rights in the YETI Trade Dress; (vi) engaged in common law unfair competition; (vii) engaged in common law misappropriation; and (viii) been unjustly enriched at YETI's expense, and that these wrongful activities by Defendant were and are willful;

2.     A preliminary and permanent injunction against further infringement and dilution of the YETI Trade Dress, and further acts of unfair competition, misappropriation and/or unjust enrichment by Defendant, and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing, importing, or advertising the Infringing Products, or any other products that use a copy, reproduction, or colorable imitation of the YETI Trade Dress, pursuant to at least Tex. Bus. & Com. Code § 16.104 and 15 U.S.C. § 1116;

3.     An Order directing Defendant to recall all Infringing Products sold and/or distributed and provide a full refund for all recalled Infringing Products;

4.     An Order directing the destruction of (i) all Infringing Products, including all

recalled Infringing Products, (ii) any other products that use a copy, reproduction, or colorable imitation of the YETI Trade Dress in Defendant's possession, custody or control, (iii) all plates, molds and other means of making the Infringing Products in Defendant's possession, custody or control, and (iv) all advertising materials related to the Infringing Products in Defendant's possession, custody or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

5.     An Order directing Defendant to publish a public notice providing proper attribution of the YETI Trade Dress to YETI, and to provide a copy of this notice to all customers, distributors, and/or others from whom the Infringing Products are recalled;

6.     An Order barring importation of Infringing Products and/or colorable imitations thereof into the United States, and barring entry of the Infringing Products and/or colorable imitations thereof into any customhouse of the United States, pursuant to at least 15 U.S.C. § 1125(b);

7.     An award of Defendant's profits, YETI's actual damages, enhanced damages, exemplary damages, costs, prejudgment and postjudgment interest, and reasonable attorney fees pursuant to at least Tex. Bus. & Com. Code § 16.104 and 15 U.S.C. § 1117; and

8.     Such other and further relief as this Court deems just and proper.

Respectfully submitted,

BAKER BOTTS L.L.P.

By: _Joseph Gray_____
       Joseph Gray
       Texas Bar No. 24045970
       joseph.gray@bakerbotts.com
       98 San Jacinto Blvd., Suite 1500
       Austin, Texas 78701
       (512) 322-2639
       (512) 322-8385 fax

BANNER & WITCOFF, LTD.

       Joseph J. Berghammer (*pro hac vice*
       *forthcoming*)
       Illinois Bar No. 6273690
       jberghammer@bannerwitcoff.com
       Louis DiSanto (*pro hac vice forthcoming*)
       Illinois Bar. No. 6286044
       ldisanto@bannerwitcoff.com
       Sean Jungles (*pro hac vice forthcoming*)
       Illinois Bar No. 6303636
       sjungles@bannerwitcoff.com
       Ten South Wacker Drive
       Suite 3000
       Chicago, IL 60606-7407
       (312) 463-5000
       (312) 463-5001 fax

       **ATTORNEYS FOR PLAINTIFF YETI COOLERS, LLC**

21